*The opinion of the Court was delivered by
Cheves, J.
The application for a writ of partition is a suit for land. The title may come in question in every possible shape in which it may be presented in an action of trespass to try title. Even the locus in quo may become a question -which it may be necessary to submit to a jury. If this be a correct view of the subject, it seems to be a local action, which ought to be tried in the district where the land lies.
There are other strong reasons why it should only be brought in the district where the land lies. The commissioners are bound to go upon the land. Now it is possible, in one district, to select persons in another where the land lies, who shall be fit persons, but it is not easily done. The Court and the parties would find a difficulty in appointing proper persons without the advice of those whom they would meet only in the district where the land lies.
Again, the judgment of partition is one of the evidences of title, which it might be necessary to resort to in future trials and investigations of title, and in cases where the immediate parties were dead or were illiterate, this link in the chain of title might be entirely forgotten, and *153 it might be necessary to search the records of half the districts in the State before a judgment in partition could be found.
W F. Be Saussure, for the motion. Clarke, Solicitor, contra,
There is as much reason why the judgment in partition should be found of record in the district where the land lies, as that a mesne conveyance should be recorded in the same district.
But the question does not seem to depend alone on reasoning of this nature. The law seems to be positive, at least- as far as regards cases of intestacy. By the Act of 1791,[1] (1 Brev. Dig., 422,1 Faust, 23,) abolishing the rights of primogeniture, and giving an equal distribution of intestate’s estates, it is provided that writs of partition shall be issued in like manner as is directed for the admeasurement of dower to widows; and the Act[2] for the admeasurement of dower expressly directs that *the parties shall be summoned to appear at the next Court of Common Pleas, to be held in the district where the lands are situated, that shall be held ten days after the service of the summons.
There ought not to be two rules of practice, and therefore the same practice ought to prevail in other cases as in cases of intestacy. In the case before us, there is no part of the land in the district in which the writ of partition is sought, which makes the case a very strong one against the motion. But in this particular, also, it would not be tolerable to have two rules of practice, and therefore, to render the practice uniform, as well as because it seems to be the result of authority and principle, it is the opinion of the Court, that writs of partition can only issue in those districts where the lands lie, and that where there are lands in several districts, several writs must issue.
I am therefore of opinion that the present motion should be refused.
Colcock, Nott, Gantt and Johnson, JJ., concurred.

 5 Stat. 163, § 7.

 4 Stat. 742.